# IN THE COURT OF APPEALS OF IOWA

No. 18-0636
Filed April 17, 2019

**MICHAEL ROACH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

The applicant appeals the summary dismissal of his fourth application for postconviction relief challenging his 2004 convictions for murder in the second degree and robbery in the first degree. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Michael Roach appeals the summary dismissal of his fourth application for postconviction relief (PCR) challenging his 2004 convictions for murder in the second degree and robbery in the first degree. As he did before the district court, Roach argues Iowa's 2017 "stand your ground" law, which provides criminal immunity to a "person who is justified in using reasonable force against an aggressor in defense of oneself, another person, or property," applies retroactively. *See* Iowa Code § 704.13 (2017). He argues both state and federal constitutional due process require the retroactive application[1] and asks that we remand to the PCR court for the determination of whether the facts of his particular case warrant the application of the immunity.[2]

Our court has been asked by other defendants to determine whether section 704.13 is to be applied retroactively, and we have ruled that it is not. *See Hines v. State*, No. 17-2080, 2019 WL 1056030, at *1–2 (Iowa Ct. App. Mar. 9, 2019) (finding the "stand your ground" law is a change in substantive law and therefore does not apply retroactively); *State v. Barber*, No. 18-0038, 2019 WL 761631, at *9 (Iowa Ct. App. Feb. 20, 2019) ("The 2017 amendments to the justification defense at issue in this case were prospective, not retrospective, as

---

[1] On appeal, Roach argues the Equal Protection Clause is also implicated in this case. However, this issue was not raised before and decided by the district court, so we do not consider it. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).

[2] Specifically, Roach states:

This case should have proceeded on the merits to determine if Roach's actions were reasonable on the night of Ellis' death based on actions of Ellis, and whether or not Roach believed he was in imminent danger, thereby justifying deadly force. If the court finds that these statements are true, the conviction must be vacated and Roach would be barred from prosecution for his actions pursuant to Iowa Code 704.13.

the amendments were not expressly made retrospective and were substantive in nature."). And we are not persuaded by Roach's argument that the Supreme Court's rulings in *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016) and *Montgomery v. Louisiana*, 136 S. Ct. 718, 729 (2016) require us to now rule otherwise.

In *Montgomery*, the Supreme Court was asked to consider whether its previous ruling in *Miller v. Alabama*,[3] that the Eighth Amendment prohibition against cruel and unusual punishment prevented juveniles convicted of homicide from being sentenced to life without parole absent consideration of the juvenile's special circumstances, applied retroactively to juveniles whose convictions were final before *Miller* was decided. 136 S. Ct. at 725. The defendant in *Montgomery* challenged the sentence he received as a juvenile almost fifty years before the *Miller* ruling, and Louisiana—the state in which Montgomery was convicted of his crimes—ruled *Miller* was not to be applied retroactively. *Id.* at 726, 727. The Supreme Court first ruled that it had jurisdiction to hear the case even though it involved a state's procedural rule regarding when to hear collateral attacks on illegal sentences. *Id.* at 727. The Court reasoned, "If . . . the Constitution establishes a rule and requires that the rule have retroactive application, then a state court's refusal to give the rule retroactive effect is reviewable by this Court." *Id.* The Court ultimately held that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Id.* at 729. The Court's ruling in *Montgomery* is limited to instances of new substantive rules that are both

---

[3] 567 U.S. 460, 470 (2012).

federal and constitutional in nature—of which Iowa's "stand your ground" law is not.

In *Welch v. United States*, the Court considered whether a new rule of constitutional dimension would be applicable to cases that have become final before the new rule is announced. 136 S. Ct. at 164. As *Welch* is similarly limited in nature as *Montgomery*, it is also inapplicable to our analysis in determining whether section 704.13 is to be applied retroactively.

Because the "stand your ground" law is not retroactive, the new law does not fall within the exception to the statute of limitations for PCR applications. *See* Iowa Code § 822.3 (requiring applications to be filed within three years unless there is "a ground of fact or law that could not have been raised within the applicable time period"). Thus, Roach's fourth PCR application was untimely, and we affirm the district court's summary dismissal of the application.

**AFFIRMED.**